IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VALARIE B. PHILLIPS,

       Plaintiff,

VS.                                                                                              No. 19-2832-SHL-cgc

METHODIST LEBONHEUR HEALTHCARE, et al,

       Defendant.

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915**

On December 3, 2019, Plaintiff Valarie B. Phillips, a resident of Glendale, CA, filed a *pro se* complaint against Methodist LeBonheur Healthcare and Does 1-10 and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") # 1 and 2.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendant as Methodist LeBonheur Healthcare.

Plaintiff alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § §200e *et seq.*, age and religious discrimination and retaliation during her employment with Defendant Methodist. While the caption mentions Doe defendants, the body of the complaint makes no factual allegations against these unnamed parties. Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is RECOMMENDED that Plaintiff's Complaint against all Doe defendants be DISMISSED but that process issue as to Methodist LeBonheur Healthcare.

Signed this 21st day of February, 2020.

                                               s/ Charmiane G. Claxton
                                               CHARMIANE G. CLAXTON
                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**