IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VALARIE B. PHILLIPS,

        Plaintiff,

VS.                                                      No. 19-2832-SHL-cgc

METHODIST LEBONHEUR HEALTHCARE, et al,

        Defendant.

## REPORT AND RECOMMENDATION

Before the court, pursuant to Administrative Order 2013-05,[1] is Defendant's September 4, 2020 Motion to Dismiss Plaintiff's Complaint (D.E. # 14)   After Plaintiff failed to respond to the motion within the time allowed by Local Rule 12.1, an Order to Show Cause (D.E. # 17) was entered requiring a response within fourteen days of the entry of the Order or October 21, 2020. Plaintiff responded to the Order to Show Cause on October 26, 2020 and objected to the Motion to Dismiss.   (D.E. # 18)   Defendant filed its reply on November 9, 2020.

Defendant's Motion argues that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies as to the Title VII age discrimination claim, failure to make a *prima facie* case for age discrimination under the Age Discrimination in Employment Act

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

(ADEA), failure to state a claim as to the Title VII religious discrimination and retaliation claims and failure to state a claim as to the Religious Freedom Restoration Act (RFA) claim.  Plaintiff responds by restating the relevant law but does not directly address the arguments presented by Defendant.  In reply, Defendant restated its arguments from the Motion and additionally urges the court to dismiss the Complaint for lack of prosecution due to Plaintiff's failure to timely respond to the Order to Show Cause and her failure to offer good cause for the untimely filing.

## I.     Proposed Facts

In deciding a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir.2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir.2002).  A plaintiff is obliged to provide more than conclusory statements or a "formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

Plaintiff is a sixty-two year old African American female employed with Defendant as the Director of Case Management from September 10, 2018 until July 26, 2019.  (D.E. # 1, PageID 2) Plaintiff complained to Chief Medical Officer Dr. Corbin Milligan, Director of Human Resources Daphne Brown and Assistant Human Resources Director Jacqueline Blackwell that the had been subjected to harassment and a hostile work environment because of her religion.  (D.E. # 14-2[2])

---

[2] Plaintiff states that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 3, 2019.  Defendant attached a copy of the charge as an exhibit to its motion. (D.E. # 14-2)  "When a

2

On June 24, 2019, subsequent to making the complaints of discrimination, Plaintiff was placed on a performance improvement plan even though she had been told that her department was doing good.  Id.  Plaintiff was terminated on July 26, 2019.

## II. Proposed Conclusions of Law

a. Age discrimination claims

Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e et seq, as amended, and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634, as amended.  Specifically, Plaintiff alleges that she was subjected to disparate treatment due to her religion and/or her age and that she was retaliated against for making complaints regarding the disparate treatment.   (D.E. # 1, Count I and II)

1. Title VII claim

As a threshold matter, an employee alleging discrimination or retaliation in violation of Title VII must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act. *See* 42 U.S.C. § 2000e-5(e)(1).  The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).  Broadly speaking, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge."  Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir.

---

document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."   Com. Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335–36 (6th Cir. 2007), citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999)

3

2010) (citations omitted). However, because aggrieved employees typically file charges with the EEOC pro se, their complaints are construed liberally "so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." Id. at 362. "[T]he general rule in this circuit [is] that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004) (citation omitted).

It is RECOMMENDED that Plaintiff's Title VII age discrimination claim be dismissed for failure to exhaust her administrative remedies as Plaintiff did not allege age discrimination on her Charge of Discrimination. The "Age" box on the Charge is not checked and the narrative states that Plaintiff believes that she was "discriminated against because of [her] religion (Christian) and in retaliation for making a protected protest…" Therefore, Plaintiff has failed to exhaust her administrative remedies regarding her Title VII age discrimination claim.

2. Age Discrimination in Employment Act (ADEA) claim

The ADEA makes it unlawful to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) "In order to establish a *prima facie* case under [the ADEA], [a plaintiff] must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." House v. Rexam Beverage Can Co., 630 F. App'x 461, 462 (6th Cir. 2015) (quoting Laws v. HealthSouth N. Ky. Rehab. Hosp. Ltd. P'ship, 508 F. App'x. 404, 410–11 (6th Cir. 2012)). At the motion to dismiss stage, although the complaint "need not present

4

'detailed factual allegations,' it must allege sufficient factual content from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference [that the plaintiff was discriminated against because of her age]." Id. at 463.

Defendant argues in its motion that Plaintiff fails to state a claim because her complaint fails to meet the fourth prong of the test. (D.E. #14-1, PageID 55)  In Count I, Plaintiff mentions only that she was required to "alter direct reports (sic) performance evaluation to indicate poor performance to lower wages and drive older employees to retire" and that "[the] adverse employment actions were taken because of Plaintiff's religion and/or age. More specifically, Plaintiff's religion and/or age played a motivating factor in the adverse employment actions." There are allegations of "stricter levels of scrutiny" and "heavier workloads" for older employees in Defendant's employ in general but no allegation that Plaintiff was specifically targeted by these practices. Plaintiff's conclusory statements fail to allege that she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals. Therefore, it is RECOMMENDED that Plaintiff fails to state a *prima facie* case under the ADEA.

      b. Title VII religious discrimination and retaliation claims

An employer is liable under Title VII if an employee can show she was discharged or discriminated against because of that employee's religious beliefs.  See, e.g., Hall v. Baptist Mem'l Health Care Corp., 215 F.3d 618, 627–28 (6th Cir.2000) (distinguishing religious disparate treatment claims from reasonable accommodation claims).  A plaintiff may prove discrimination in violation of Title VII through direct or circumstantial evidence.  Id. at 625 (citing Mitchell v. Toledo Hosp., 964 F.2d 577, 582–83 (6th Cir.1992)).  To survive a motion to dismiss, a plaintiff

must plead a claim for relief that is facially plausible, but need not allege a prima facie case under McDonnell Douglas. Pedreira v. Ky. Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir.2009)

At the motion to dismiss stage, an employment discrimination plaintiff is not required to plead the elements of a *prima facie* case under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which is "an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("This court has never indicated that the requirements for establishing a *prima facie* case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); Pedreira v. Ky. Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir.2009); HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir.2012) (submitted for publication) ("We recognize that 'the *prima facie* case operates as a flexible evidentiary standard, [and] it should not be transposed into a rigid pleading standard for discrimination cases.' ") (quoting Swierkiewicz, 534 U.S. at 512, 122 S.Ct. 992).

Accordingly, with respect to discrimination claims otherwise subject to the McDonnell Douglas burden-shifting framework, at the motion to dismiss stage, "the ordinary rules for assessing the sufficiency of a complaint apply." Pedreira, 579 F.3d at 728 (quoting Swierkiewicz, 534 U.S. at 511, 122 S.Ct. 992); see also Lindsay v. Yates, 498 F.3d 434, 439 (6th Cir.2007) (restating holding in Swierkiewicz that "an employment-discrimination plaintiff satisfies her pleading burden by drafting a 'short and plain statement of the claim' consistent with Federal Rule of Civil Procedure 8(a).") "[B]road and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference

6

that a defendant acted as the plaintiff claims." HDC, LLC, 675 F.3d at 614. Thus, "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, and ... a recitation of the elements of the cause of action is insufficient to state a claim for relief." Id. (internal citations and quotation marks omitted). "[T]his standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." Id. (internal citations and quotation marks omitted) (emphasis in original). Veasy v. Teach for Am., Inc., 868 F. Supp. 2d 688, 695 (M.D. Tenn. 2012)

Plaintiff's complaint consists of conclusory statements and recitations of the relevant law. Like the plaintiff in Macon v. J.C. Penney Co., 17 F.Supp.3d 695 (N.D. Ohio 2014), Plaintiff here "offers no factual allegations to support the discriminatory inference" that she draws from Defendant's actions. Plaintiff alleges that "Defendants (sic) condoned, ratifies and otherwise allowed the religious harassing and discriminatory behavior to continue. Defendants (sic) allowed religious jokes, slurs, verbal attacks, offensive language on Plaintiff (sic) faith and/or beliefs, threats, harassing and discriminatory behavior to continue. (D.E. # 1, PageID 3) Plaintiff's allegations regarding retaliation are similarly conclusory. "Defendant, through its employees and/or agents, adopted a pattern of subjecting Plaintiff to a series of retaliatory adverse employment actions including but not limited to, the following: written disciplinary action without adequate cause… ." (D.E. # 1, PageID 6) However, the Complaint is devoid of factual support for any of these allegations.

While *pro se* complaints are to be liberally construed, there is a limit. Courts are "not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts

7

alleged in the complaint." Sam Han v. Univ. of Dayton, 541 F. App'x 622, 627 (6th Cir. 2013), citing Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir.2012), Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Therefore, it is RECOMMENDED that Plaintiff fails to state a claim of either religious discrimination or retaliation for which relief can be granted.

    c. Religious Freedom Restoration Act (RFRA) claims

Plaintiff mentions the Religious Freedom Restoration Act (RFRA), 42 USCA § 2000bb, et seq in Count I and Count II. However, RFRA is not applicable to cases between private parties. "The text of the statute makes quite clear that Congress intended RFRA to apply only to suits in which the government is a party." Gen. Conf. Corp. of Seventh-Day Adventists v. McGill, 617 F.3d 402, 410 (6th Cir. 2010)  As Plaintiff states on page 1 of the Complaint, Defendant "operates a business… ."  Plaintiff does not allege that Defendant is a governmental entity.  Therefore, it is RECOMMENDED that any claims that Plaintiff is alleging pursuant to RFRA be dismissed for failure to state a claim.

### III.	Conclusion

For the reasons stated above, it is RECOMMENDED that Defendant's Motion to Dismiss (D.E. # 14) be GRANTED.

**SIGNED** this 22nd day of March, 2021.

                              s/Charmiane G. Claxton
                              CHARMIANE G. CLAXTON
                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**